Dear Representative Erdey:
This office is in receipt of your request for an opinion of the Attorney General in regard to presence of a candidate at their voting precinct as a custodian. You indicate you have been informed that no law prohibits a candidate from working at his precinct as a custodian, and you ask whether this is correct, and if so, the rationale permitting this.
In accordance with R.S. 18:1353 the Commission of Elections regulates the custody of voting machines, and delivers all machines to the parish custodian. The statutory provisions show that under R.S. 18:1354 the clerk of the district court is ex officio parish custodian of voting machines, and he may appoint a deputy parish custodian of voting machines for any polling place he deems necessary. This statute further provides that the deputy parish custodian "shall deliver the keys and the supplemental list to the commissioner-in-charge at least one-half hour before the fixed time for the opening of the polls." Pursuant to R.S.18:424 and R.S. 18:425 there shall be one commissioner-in-charge at every precinct with additional commissioners, and it is specified they shall not be a candidate for election.
This office observed in Atty. Gen. Op. 85-164 that the clerk of the district court has custody of the machines from the time they are removed from the warehouse until returned "except for election day during which the commissioners have custody of the machines", but the clerk's duty involves repairs and adjustments of machines during election day. It was further noted that in addition to the appointment of a deputy parish custodian, the clerk of court could use as an assistant a building custodian for receiving the machines at the polling place, supervising the machines while in his custody and being available for access to parts of the building necessary for the repairs and adjustments of machines during election day.
From our telephone conversation and your request, it appears the custodian in your inquiry was not the building custodian, nor commissioner-in charge, commissioners or watchers who duties require their presence at a polling place during the hours of voting, but a custodian who did not remain at the precinct during the entire election day. This would appear to be a deputy parish custodian of voting machines who as noted above "shall deliver the keys and the supplemental list to the commissioner-in-charge at least one-half hour before the fixed time for opening the polls." In Atty. Gen. Op. 93-656 it was pointed out that the deputy parish custodians are not statutorily mandated to perform duties which require their presence at a polling place during the hours of voting, but are responsible for making sure that voting machines are delivered to the polling place and that the polling place is secure both prior to and after the election. Thereafter, pursuant to R.S. 18:1376 upon completion of the tabulation of returns and locking and sealing of the machines at the polling place, the machines shall be released to the parish custodian or his deputy.
We recognize that R.S. 18:1462 provides for a 600 foot campaign free zone around polling places, but we cannot conclude that an appearance by a deputy parish custodian, who is also a candidate, would violate this provision insofar as his duties do not require his presence during voting. As observed in Atty. Gen. Op. 79-1427 after 9:00 p.m. on election day, there is no prohibition against any individuals being in the area in order to observe the voting precincts or voting machines.
However, after the hours the precincts are open for voting, it is our opinion that a commissioner at the polling place may enforce the provisions of R.S. 18:1462 and order a candidate or any other person to leave the polling place after they have voted.
We hope this sufficiently responds to your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: October 15, 2002